IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION

| | |
|---|---|
| Jo Ann Agent, f/k/a Jo Ann Coats,<br><br>Plaintiff,<br><br>v.<br><br>Sears Logistic Service, Inc.,<br><br>Defendant. | No. 07-2113<br><br>Judge McCuskey<br>Magistrate Judge Bernthal<br><br>Removed from the Kankakee County Circuit Court, Illinois 21st Judicial Circuit, Case No. 07-L-51 |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Sears Logistics Services, Inc. ("Sears" or "Defendant"), states the following as its Answer and Affirmative Defenses to Plaintiff's Complaint:

### COUNT I - ADA

1.      Plaintiff is a resident of the State of Illinois, County of Kankakee.

**ANSWER**: On information and belief, Defendant admits the allegations of this paragraph.

2.      Defendant is a business entity doing business within Kankakee County, Illinois.

**ANSWER**: Defendant admits the allegations of this paragraph.

3.      On or about September 9th, 1998, Defendant hired Plaintiff as a warehouse employee.

**ANSWER**: Defendant admits the allegations of this paragraph.

4. On or about January 2nd, 2005, Plaintiff was injured during the performance of her duties at Defendant's warehouse in Manteno, Illinois.

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief as to truth or falsity of the allegations of this paragraph, and therefore denies them.

5. Plaintiff orally reported her injury to Defendant on January 3rd, 2005, was examined by a physician on January 4th, 2005 and filed a written accident/incident report with Defendant's Human Resources director on January 5th, 2005 detailing injuries to her cervical spine and related tissue.

**ANSWER:** Defendant denies the allegations of this paragraph.

6. Plaintiff was treated for the above stated work related injuries from January 5th, 2005 to December of 2005.

**ANSWER:** Defendant denies the allegations of this paragraph.

7. Plaintiff's work related injury rendered her with impaired range of motion in her neck and back.

**ANSWER:** Defendant denies the allegations of this paragraph.

8. In December of 2006, Defendant asked Plaintiff if she had any continuing disability.

**ANSWER:** Defendant denies the allegations of this paragraph.

9. Plaintiff responded she had a plate attached to her cervical spine and consequently had reduced ability to rotate and elevate her head and torso.

**ANSWER:** Defendant denies the allegations of this paragraph.

10. The Defendant's Human Resources personnel made jokes of Plaintiff's disability asking her if she set off metal detectors at the warehouse security station.

**ANSWER:** Defendant denies the allegations of this paragraph.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

11.  Shortly after having Defendant's personnel director ridicule Plaintiff's medical condition, Defendant refused to accommodate Plaintiff's reduced range of cervical motion although Plaintiff had requested "any position in the workplace" and terminated her employment.

**ANSWER:** Defendant admits that it terminated Plaintiff's employment. Defendant denies the remaining allegations of this paragraph.

12.  Plaintiff was questioned, terminated and ridiculed all in violation if(sic) the Americans with Disabilities Act of 1990.

**ANSWER:** Defendant denies the allegations of this paragraph.

13.  Plaintiff has received a Right to Sue Letter from the EEOC as attached hereto as Exhibit "A".

**ANSWER:** Defendant denies that any "Right to Sue Letter" is attached to the Complaint, and therefore denies the allegations of this paragraph.

WHEREFORE, Plaintiff asks for judgment as follows:

A.  For a reinstatement of her job; and
B.  For lost wages in a sum in excess of $50,000.00; and
C.  For statutory punitive damages as allowed; and
D.  For reasonable attorney's fees incurred in the prosecution of Plaintiff's cause of action.

**ANSWER:** Defendant denies that Plaintiff is entitled to any relief whatsoever, and requests that the Court deny such relief and dismiss this Complaint in its entirety and with prejudice.

## COUNT II – RETALITORY(SIC) DISCHARGE

NOW COMES Plaintiff, MS. JO ANN AGENT f/k/a JO ANN COATS, by and through her attorney, Michael L. Dietchweiler, and for Count II of this Complaint complains of Defendant as follows:

1-13. Plaintiff realleges Paragraphs 1 through 13 of Count I of this Complaint as and for Paragraphs 1 through 13 of this Count II of Plaintiff's Complaint

**ANSWER:** Defendant incorporates its responses to paragraphs 1 through 13 as if fully re-stated herein.

14. Defendant terminated Plaintiff's six year employment and kept temporary and contract workers working as and for retaliation to her filing an application to adjust her Worker's Compensation claim against Defendant.

**ANSWER:** Defendant denies the allegations of this paragraph.

WHEREFORE, Plaintiff asks this Honorable Court for judgment against Defendant and in her favor as follows:

A. Compensatory damages in an amount in excess of $50,000.00; and
B. Punitive damages as awarded by this Court; and
C. Reasonable attorney's fees.

**ANSWER:** Defendant denies that Plaintiff is entitled to any relief whatsoever, and requests that the Court deny such relief and dismiss this Complaint in its entirety and with prejudice.

Any allegation of the Complaint that is not expressly admitted above is hereby denied.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, in part or in whole, fails to state claims for which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Insofar as Plaintiff seeks to recover relief for (a) alleged incidents occurring prior to the applicable limitations period for the filing of an administrative charge of discrimination with the EEOC or a state deferral agency; and/or (b) for alleged incidents of discrimination not listed in Plaintiff's charge, Plaintiff may not recover any relief for such incidents of alleged discrimination.

**THIRD AFFIRMATIVE DEFENSE**

To the extent that Plaintiff has failed to exhaust her administrative remedies, her respective claims for relief are barred.

**FOURTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff has failed to institute this action within the time required under the applicable statute of limitations, her claims for relief are barred.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's prayer for relief must fail to the extent that she has failed to mitigate her damages as required by law.

**SIXTH AFFIRMATIVE DEFENSE**

Even if Plaintiff could state a claim for relief in this action, Plaintiff cannot prove actual or punitive damages, and hence can only recover nominal damages.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent that any unlawful or other wrongful acts were committed by any person(s) employed by Defendant, such acts, if any, were outside the scope of their authority, were neither authorized, ratified nor condoned by Defendant, nor did Defendant know or have reason to be aware of such conduct.

### EIGHTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's claims are subject to the doctrine of after-acquired evidence, any remedy or recovery to which Plaintiff might have been entitled must be denied or reduced accordingly.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims for compensatory and punitive damages are limited by the damages cap imposed by the Civil Rights Act of 1991.

### TENTH AFFIRMATIVE DEFENSE

An award of punitive damages will violate Defendant's right to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred to the extent that it seeks the admission into evidence of Defendant's net worth in determining whether punitive damages are to be awarded and/or in what amount they are to be awarded. The admission of net worth data suggests that it is appropriate to award punitive damages based upon Defendant's financial status rather than specific misconduct, and thus has the effect of treating classes of citizens unequally in violation of the Equal Protection Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail to the extent that they are barred, in whole or in part, by the doctrine of waiver, equitable estoppel, unclean hands and/or laches.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant has undertaken good faith efforts to comply with the law, and as such, Plaintiff may not recover punitive damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

Any action taken by Defendant was based on legitimate, nondiscriminatory and non-retaliatory reasons.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails because Defendant exercised reasonable care to prevent and correct promptly any harassing behavior alleged by Plaintiff, and/or Plaintiff unreasonably failed to take advantage of the preventative and corrective opportunities provided by Defendant or otherwise to avoid harm.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for disability discrimination is barred because she was neither disabled, nor was she a qualified individual with a disability.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant did not perceive Plaintiff as disabled, nor did it take any action against Plaintiff on the basis of an alleged or perceived disability or an alleged record of impairment.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim fails to the extent she failed to request a reasonable accommodation of her alleged disability, and she otherwise failed to engage in an interactive process to identify a reasonable accommodation.

At the time this answer is filed, discovery has just begun. Thus, Defendant reserves the right to assert additional affirmative defenses as may be warranted by the information developed through discovery.

Respectfully Submitted,

/s/ Adam C. Wit
Adam C. Wit (#06230538)

Adam C. Wit (#06230538)
David L. Christlieb (C.D. Ill. Pending)
LITTLER MENDELSON
A Professional Corporation
200 N. LaSalle Street
Suite 2900
Chicago, IL 60601
312.372.5520

Dated: June 18, 2007

**CERTIFICATE OF SERVICE**

    The undersigned, an attorney, hereby certifies that the foregoing was electronically filed with the Clerk of the Court before 5:00 p.m. on June 18, 2007 using the CM/ECF system which will send notification of such filing to the following:

Michael L. Dietchweiler, Esq.
Attorney for Plaintiff
200 E. Court St., Suite 700
Kankakee, Illinois 60901

/s/ Adam C. Wit
Adam C. Wit
Attorney for Defendant
LITTLER MENDELSON
A Professional Corporation
200 N. LaSalle Street
Suite 2900
Chicago, IL  60601
312.372.5520