E-FILED
Monday, 24 March, 2008  03:37:10 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION

| | |
|---|---|
| JO ANN AGENT f/k/a JO ANN COATS, ) | |
|     Plaintiff, ) | |
| v. ) | No. 07-2113 |
| ) | Judge McCuskey |
| SEARS LOGISTIC SERVICE, INC., ) | Magistrate Judge Bernthal |
|     Defendant. ) | |

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

NOW COMES Plaintiff, JO ANN AGENT, by and through her attorney, MICHAEL L. DIETCHWEILER, and as and for her Memorandum in Opposition to Defendant's Motion for Summary Judgment, states as follows:

### FACTS:

Plaintiff was hired by Defendant in the year 1998 (Agent Deposition pg. 18). Jo Ann Agent was injured while working for Defendant on January 2nd, 2005 as a non-seasonal, permanent employee (Agent Deposition pg. 26). Ms. Agent filed for Workman's Compensation with the Illinois Industrial Commission shortly after her injury. On September 12th, 2005, Ms. Agent has surgery on her neck to treat the injuries she received while working at Sears which resulted in her being hospitalized in intensive care for a period of days (Agent Deposition pg. 56). On December 15th, 2005, Ms. Agent received her release to return to work on full duty. (See Exhibit A) Ms. Agent received the letter attached hereto as Exhibit B and dated December 16th, 2005 on December 19th, 2005. (See Exhibit C) The Defendant's letter of December 19th, 2005 terminated Ms. Agent's employment. On December 21st, 2005, Defendant wrote the letter to Ms. Agent attached hereto as Exhibit D. Ms Agent received the letter attached as Exhibit D

from Defendant on or about December 24th, 2005. Defendant's letter of December 21st, 2005 implies Defendant had an employment position for Ms. Agent on or about December 21st, 2005.

ARGUMENT

I.    ADA

Plaintiff makes no response to Defendant's argument regarding Count II of Plaintiff's Complaint.

II.    Wrongful termination

Motions for Summary Judgment are only allowed when no material issue of facts exists after all facts and reasonable inference drawn therefrom are taken in a light most favorable to the non-moving party. McCoy v. Maytag, 495 F.3d 515, 2007 US.App. Lexis 18058 (7th Cir. 2007). Citing Clark v. State Farm Mutual Auto Ins. Co., 473 F.3d 708, 712 (7th Cir. 2007).

Defendant has argued that no evidence exists that shows that its lack of a job position for Ms. Agent is untrue. The letter from Sears Associated Services Center dated December 21, 2008 and attached hereto as Exhibit D clearly and reasonably implies two things:

1.    That Ms. Agents' leave extended to January 20th, 2006; and

2.    That if she supplies Defendant with a release to return to work prior to that date she has a job.

Ms. Agent was not a seasonal or temporary employee. Her seven plus years of continuous employment by Defendant attest to that fact. Defendant's letter of termination does not in any way state that that truck driver/spotter position held by Ms. Agent was eliminated or that any permanent employee work force had been reduced. It is clear that Defendant has not

carried its burden according to FRCP 56 (c), and accordingly its Motion to Dismiss Ms. Agent's wrongful termination Count of her Complaint must be denied.

## CONCLUSION

For all the reasons stated above Defendant's motion for summary judgment regarding wrongful termination just be denied.

BY:   SS/Michael L. Dietchweiler
Michael L. Dietchweiler 06195223
Attorney for Plaintiff
LaBeau, Dietchweiler & Associates, P.C.
200 East Court Street, Suite 700
Kankakee, IL 60901
815/933-6637
815/933-9940
email: ldcd@ameritech.net



JO ANN COATS is of medical condition to return to work on 12/19/05. Full Duty.

A. Chavez, MD

EXHIBIT A



**Logistics**

Sears Logistics Services
1600 Boudreau Road
Manteno, IL 60950

December 16, 2005

Jo Ann Coats
PO Box 333
Manteno, IL 60950

Jo Ann,

SLS regrets to inform you that there are no open positions available at this time within our organization, as you have not actively worked for over 11 months and had already exhausted your FMLA (Family Medical leave) in April 2005. We are currently in the process of releasing our temporary associates and our seasonal as we are winding down our fourth quarter business.

We will take you off role, effective immediately. You may call the Associate Service Center to inquire about any benefits that you were enrolled in. I have included a business card with the number to call.

Sincerely,

Robin Batka
Human Resource Manager, SLS


Cc: Dan Usrey
    Erika Schwanbeck

EXHIBIT B

TO: Sears Associate Service Center
    And Robin Batka Human Resource Manager
                                    RRC #440

I have recieved your Letter on December 21, 2005, I turned in my release to go back to work on December 19, 2005 to Robin Batka RRC #440 full duty from the Doctor. I am willing + able to work full time Immed. I do not want to be terminated.

thank-you
JoAnn Coats

JoAnn Coats
P.O Box 333
Manteno IL 60950

Dec. 28, 2005


EXHIBIT C

Robin See attached Letter From (Sears Associate Service Center)

**Sears Associate Service Center**
4740 Hugh Howell Road
Tucker, GA 30084-5006
1-888-88SEARS

Emplid: 01427992

December 21, 2005

Jo A Coats - Unit #: 88440
P.O. Box 333
Manteno, IL 60950

Jo Coats;

Our records indicate that your leave of absence will expire on January 20, 2006.

Unless you are medically released to return to work it will be necessary, in accordance with company policy, to terminate your employment on the date your leave expires. Termination will not affect claims you may have with Worker's Compensation or a disability plan in which you may be enrolled.

Should you not return to work, you will receive a packet explaining the benefits to which you may be entitled.

If you and your physician feel that you would be able to return to work if specific accommodations relative to your former position could be made or you could perform alternate work, please contact your manager to explore the possibilities.

If you allow benefit coverage to lapse while on Leave of Absence, you will have the opportunity to have your benefits reinstated once you have returned to work.

If you have any questions regarding this letter, please contact a Customer Service Representative at 1-888-88SEARS (888-887-3277).

Associate Service Center

cc: manager

AGENT Dep. Ex. 18 ID
Barbara J. Polke, CSR 1/16/08

SEARS


EXHIBIT D

Sears - 000184